Senator Lott.,
without expressing any opinion as to whether the declaration should have been special, said the objection taken at the trial was not sufficient to enable the defendant below to raise that question. He adverted also to the fact that, when the witness who testified to the agreement was asked whether the manner in which the plaintiff was to be paid at the store was mentioned in it, the defendant objected, and thereupon the evidence was excluded. Having thus prevented the court from seeing what the agreement really was, he thought the defendant should not be allowed to avail' himself of it as a defence. Upon a view ot the whole case, therefore, he was of opinion that the judgment of the supreme court should be affirmed.
Senator Putnam was of opinion that the plaintiff should have declared specially upon the agreement, and that the common counts were not adapted to the case. But he did not consider *390 the objection taken by the defendant below at the trial sufficiently specific to raise that question. |t was calculated to call the attention of the referees to the sufficiency of the evidence, irrespective of the pleadings, rather than to' the ground of variance. He thought the referees erred, however, in allowing the plaintiff to recover for that part of his claim payable in goods out of the store of Hyde, without proof of a demand made at the store. As to the other moiety of the plaintiff’s claim, payable in cash or neat stock, the decision of the referees was obviously right. No place for delivering the stock having been agreed upon between the parties, the defendant was bound to seek the plaintiff and offer to perform, and if he failed to do so, the latter might insist upon payment in cash. But the plaintiff has been permitted to recover for the whole of his claim, and on this ground the judgment of the supreme court ought to be reversed.
Senator Sherman also thought the judgment of the supreme court should be reversed for the reason stated by Senator Putnam, but differed from him in respect to the necessity of declaring specially, provided the price for sawing the lumber was fixed by the agreement, or capable of being ascertained by calculation. He conceded that the terms of the agreement, so far as it related to the price for the sawing, were left in doubt by the report of the referees ; but as the defendant below did not expressly object that the case was such as to require a special count, the court should intend against him.
Senator Wright was in favor of reversing the judgment of the supreme court, upon the ground that the services rendered Were to be paid for in goods &c., and not in money, and the plaintiff below should therefore have declared upon the special agreement. He considered the objection taken by the defendant a,t the trial sufficiently specific to apprise the referees and the adverse party of the ground intended to be taken, and this was all the law required.
On the question being put, “ Shall this judgment be reversed ?” the members of the court voted as follows :
*391 For reversal: Senators Backus, Putnam, Sherman and Wright—4.
For affirmance: Senators Burnham, Corning, Denniston, Jones, Lott, Porter, Rhoades, Scott, Smith and Varían —10.
Judgment affirmed.